UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| LARRY LYNN WORSHAM, ) | |
| ) | |
| Petitioner ) | |
| ) | |
| vs. ) | CAUSE NO. 3:06-CV-791 RM |
| ) | (Arising out of 3:02-CR-68(01)RM) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent ) | |

ORDER and OPINION

In July 2002, Larry Worsham pleaded guilty to Counts 1 and 2 of an information charging him with conspiracy to distribute cocaine and money laundering. He was sentenced in September 2002 to concurrent terms of 140 months (Count 1) and 120 months (Count 2). On July 1, 2004, Mr. Worsham's sentence was reduced  to concurrent terms of 92 months on each count.

Mr. Worsham now asks that his sentence be vacated pursuant to 28 U.S.C. § 2255 based on his claim that one of his state court convictions was dismissed, so his criminal history category should have been lower.

The one-year limitation period applicable to motions filed pursuant to 28 U.S.C. § 2255 runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the

Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Mr. Worsham hasn't specified which of these factors he believes creates the one-year limitations period applicable to his claim, but an examination of each factor shows that his claim is time-barred:

Pursuant to subsection (1), more than one year has expired from the date of the final judgment in this case. Because no appeal was taken, the judgment became final on July 1, 2004 when his sentence was reduced and an amended judgment was entered; Mr. Worsham filed his § 2255 petition on November 27, 2006, more than sixteen months too late.

Mr. Worsham hasn't alleged or argued that the government somehow prevented him from asserting his claim, as required by subsection (2).

Mr. Worsham hasn't asserted that his claim amounts to a right newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review, as required by subsection (3).

Mr. Worsham hasn't alleged or argued, as subsection (4) requires, that the facts supporting his claims weren't previously available to him. In fact, he says in his petition he explained to his

attorney and his probation officer that his state court charge of "maintaining a common nuisance" was dismissed.

Mr. Worsham hasn't demonstrated that his claim is timely under any of the statutory options, nor has he argued that some other factor justifies equitable tolling of the limitations period. *See* Nolan v. United States, 358 F.3d 480, 483 (7th Cir. 2004).

Because Mr. Worsham's petition is time-barred, his request for relief filed pursuant to 28 U.S.C. § 2255 [docket # 1] is DISMISSED.[1]

SO ORDERED.

ENTERED:    November 30, 2006

    /s/ Robert L. Miller, Jr.
Chief Judge
United States District Court

cc:    L. Worsham
       K. Hays

---

[1] Even if Mr. Worsham's § 2255 petition had been timely filed, his claim wouldn't have justified vacating, setting aside, or correcting his sentence. Mr. Worsham's original sentencing range was 140-175 months (base offense level of 29 in criminal history category V, which included 10 criminal history points). If, instead, 9 criminal history points had been assessed (that is, excluding the one point assessed for his maintaining a common nuisance conviction), his sentencing range would have been 121-151 months. Mr. Worsham's current sentence is 92 months.